IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNICARE LIFE AND HEALTH INSURANCE COMPANY<br><br>Plaintiff-Stakeholder<br><br>v.<br><br>DONALD R. MARTEL, MICHELLE MARTEL LANDRY<br><br>Defendants | 04 - 30009 - KPN |

FILED
IN CLERK'S OFFICE

'04 JAN -9 P 3:03

U.S. DISTRICT COURT
DISTRICT OF MASS

COMPLAINT IN INTERPLEADER

FILING FEE PAID:
RECEIPT # 305474
AMOUNT $ 150.00
BY DPTY CLK MGL
DATE 1/9/04

PARTIES

1. The Plaintiff-Stakeholder, UNICARE Life and Accident Insurance Company, is organized under the laws of the State of Delaware, with its principal place of business at 1 Wellpoint Way, Thousand Oaks, California 91362.

2. The Defendant, Donald R. Martel, is an individual who resides at 1393 Page Boulevard, Springfield, Massachusetts 01104.

3. The Defendant, Michelle Martel Landry, is an individual who resides at 21662 Indian Bayou Drive, Fort Myers, Florida 33931.

JURISDICTION

4. This Court has jurisdiction over this interpleader matter under 28 U.S.C. Section 1335 as this matter involves claims for property of value in excess of $500 and it involves

adverse claimants of diverse citizenship under 28 U.S.C. Section 1332. In addition, contemporaneous with the filing of this action, UNICARE has deposited with this Court the amount of $4774.15, the amount contested between the defendants, as required by 28 U.S.C. Section 1335(a)(2).

## VENUE

5. Venue is proper in this jurisdiction because this is the jurisdiction in which the claim arose.

## FACTS

6. Paul Martel is a former employee or agent of Massachusetts Mutual Life Insurance Company ("MassMutual").

7. Paul Martel died on October 22, 2002.

8. At the time of his death, Paul Martel was a participant in a group life insurance policy, number GL-1450 issued by the Plaintiff-Stakeholder to MassMutual ("Plan").

9. At the time of his death, Paul Martel had a $9400 death benefit (the "Benefit").

10. The Defendant, Donald Martel, is the son of Paul Martel.

11. The Defendant, Michelle Martel Landry, is the granddaughter of Paul Martel.

12. Donald Martel was entitled to half of the Benefit, at a minimum.

13. UNICARE paid half of the Benefit to Donald Martel.

14. Donald Martel and Michelle Martel Landry claim to be

entitled to the other half of the Benefit, i.e., $4700.

15. By reason of the conflicting claims of Defendants, UNICARE is in great doubt as to which Defendant(s) is entitled to be paid the Benefits.

WHEREFORE, UNICARE demands that the Court adjudge:

1. That the Defendants be required to interplead and settle between themselves their rights to the Death Benefit, and that UNICARE be discharged from all liability except to the person(s) whom the Court shall adjudge to be entitled to the Benefits under the Plan attributable to the death of Paul Martel.

2. That UNICARE is entitled to its costs, including attorneys fees, incurred in connection with this matter.

> UNICARE Life and Health
> Insurance Company
> By its Attorney,
>
> [signature]
>
> David B. Crevier, BBO 557242
> Crevier & Ryan LLP
> 1500 Main Street, Suite 2020
> Springfield, MA 01115-5532