IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNICARE LIFE AND HEALTH INSURANCE COMPANY | ) ) ) | Civil Action No. 04-CV-30009-KPN |
| Plaintiff-Stakeholder | ) ) ) | |
| v. | ) ) | |
| DONALD R. MARTEL, MICHELLE MARTEL LANDRY | ) ) ) | |
| Defendants-Claimants | ) ) ) | |

## MOTION FOR ENTRY OF DEFAULT PURSUANT TO RULE 55(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff-Stakeholder Unicare Life and Health Insurance Company ("Unicare") hereby moves the Court pursuant to Fed. R. Civ. P. 55(a) to enter a default against Defendant-Claimant Michele Martel Landry ("Defendant-Claimant Landry").

### STATEMENT OF THE FACTS

On January 9, 2004, Unicare filed its Complaint in this interpleader action in order to permit the Defendants - Claimants to determine between themselves their respective rights to $4700 in death benefit ("the stake") from a policy of group life insurance, policy number GL-1450 issued by Unicare to MassMutual Life Insurance Company ("MassMutual").

By a letter dated January 27, 2004, Unicare served a copy of its Complaint and a Waiver of Service of Summons form on Defendant-Claimant Landry . See, Affidavit of Theodore F. Glockner, attached hereto as Exhibit 1, see, also, Correspondence of David B. Crevier, Exhibit 1A. On February 10, 2004, Defendant-Claimant Landry acknowledged receiving Unicare's Complaint by executing and returning a Waiver of

Service of Summons form, a true copy of which is attached as Exhibit 1B. By signing

that document, Defendant-Claimant Landry acknowledged that her failure to serve an

answer or other responsive pleading under Fed. R. Civ. P. 12 could result in a judgment

being entered against her. In particular, the Waiver of Service of Summons form states in

pertinent part: "I understand that a judgment may be entered against me (or the party on

whose behalf I am acting) if an answer or motion under Rule 12 is not served upon

[Unicare] within 60 days after January 27, 2004." As of today's date, more than sixty

days has elapsed since Defendant-Claimant Landry executed the Waiver of Service of

Summons form. See, Exhibit 1.

ARGUMENT

Through the present motion, Unicare seeks the entry of default against Defendant-

Claimant Landry. Rule 55(a) of the Federal Rules of Civil Procedure provides the

following with respect to the entry of default:

> When a party against whom a judgment for affirmative relief is sought has
> failed to plead or otherwise defend as provided by these rules and that fact
> is made to appear by affidavit or otherwise, the clerk shall enter the party's
> default.

Fed. R. Civ. P. 55(a). In the present case, Defendant-Claimant Landry: 1) was served a

copy of Unicare's complaint; 2) acknowledged receiving a copy of the Complaint by

signing the Waiver of Service of Summons form on February 10, 2004; and 3) has not

filed any answer or other Rule 12 responsive pleading.

Furthermore, more than 60 days has elapsed since Unicare requested that

Defendant-Claimant Landry waive formal service of the Summons and Complaint on

January 27, 2004. As such, Defendant-Claimant Landry has exceeded the 60 day period

of time within which she was obligated to file an answer or other responsive pleading

2

pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure. By this conduct Defendant-Claimant Landry has failed to answer or "otherwise defend" this action and Unicare is entitled to the entry of default against her pursuant to Fed. R. Civ. P. 55(a).

Respectfully Submitted,
Plaintiff-Stakeholder Unicare Life and
Health Insurance Company,
By, Its Attorneys:

CREVIER & RYAN, LLP.

Theodore F. Glockner, BBO #629469
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400

## L.R. 7.1 (A) (2) CERTIFICATE

I certify that prior to filing the present motion I conferred in good faith with all counsel of record in an attempt to resolve or narrow the issues.

Theodore F. Glockner

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing via first class mail postage pre-paid to:

William Walsh, Esq.
73 State Street
Springfield, MA 01103
Counsel for Defendant-Claimant Donald Martel

Defendant-Claimant Michelle Martel Landry (Pro Se)
18581 Sarasota Road
Fort Meyers, FL 33912

Said service having taken place this 6 day of May, 2004.

Theodore F. Glockner

3

4

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNICARE LIFE AND HEALTH INSURANCE COMPANY | ) ) ) | Civil Action No. 04-CV-30009-KPN |
| Plaintiff-Stakeholder | ) ) | |
| v. | ) ) | |
| DONALD R. MARTEL, MICHELLE MARTEL LANDRY | ) ) ) | |
| Defendants-Claimants | ) ) ) | |

AFFIDAVIT OF THEODORE F. GLOCKNER, ESQ. IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT PURSUANT TO
RULE 55(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Now Comes Theodore F. Glockner, Esq. and under oath does hereby state and depose:

1.    I am Co Counsel to Plaintiff-Stakeholder Unicare Life and Health Insurance Company ("Unicare").

2.    By letter dated January 27, 2004, from Unicare's Counsel David B. Crevier, Unicare served a copy of its Complaint and a Waiver of Service of Summons form on Defendant-Claimant Michelle Martel Landry ("Defendant-Claimant Landry"). A true copy of that letter is attached hereto as Exhibit 1A.

3.    On February 10, 2004, Defendant-Claimant Landry acknowledged receiving Unicare's Complaint by executing and returning a Waiver of Service of Summons form, a true copy of which is attached as Exhibit 1B.

4.    Defendant-Claimant has not answered or filed any responsive pleading as of today's date.

Signed under the pains and penalties of perjury this 𝒸 day of May, 2004.

Theodore F. Glockner

# EXHIBIT 1A

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5727

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier*
Michael P. Ryan
Timothy J. Ryan
Theodore F. Glockner†

*Also admitted in NY
† Also admitted in DC

January 27, 2004

Michelle Martel Landry
18581 Sarasota Road
Fort Myers, FL 33912

Re:    <u>UNICARE Life and Health Insurance Company v. Donald Martel and Michelle Martel Landry.</u>

Dear Ms. Landry:

Enclosed with this letter please find the following documents:

1.    A Notice of Lawsuit and Request for Waiver of Service of Summons;

2.    Two copies of Waiver of Service of Summons;

3.    Copy of the Complaint;

4.    Copy of Motion to Deposit Funds; and

5.    A self-addressed stamped envelope.

Kindly review items 1 – 3 and please note Paragraph 4 of the Notice of Lawsuit which states that if you do not return the signed waiver within 30 days, "**... I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service.**"

Sincerely,

David B. Crevier

*w/enclosures*

cc:    Teresa Barrett, Esq.

# EXHIBIT 1B

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>David B. Crevier, Esquire, Crevier and Ryan, LLP, 1500 Main St. Ste 2020,</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

    Springfield, MA 01115

    I, <u>Michelle Martel Landry</u>    , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>Unicare Life and Health Ins. Co. v. Donald</u>
Martel and Michelle Martel Landry              (CAPTION OF ACTION)

which is case number <u>04 CV 30009</u>        in the United States District Court
(DOCKET NUMBER)

for the _____ District of <u>Massachusetts.</u>

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>January 27, 20</u>04.
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                          (SIGNATURE)

        Printed/Typed Name: _____
                      Michelle Martel Landry
        As _____ of _____
(TITLE)               (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.