IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNICARE LIFE AND HEALTH INSURANCE COMPANY | ) | Civil Action No. 04-CV-30009-KPN |
| | ) | |
| | ) | |
| Plaintiff-Stakeholder | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD R. MARTEL, MICHELLE MARTEL LANDRY | ) | |
| | ) | |
| | ) | |
| Defendants-Claimants | ) | |
| | ) | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff-Stakeholder Unicare Life and Health Insurance Company ("Unicare")

hereby moves the Court pursuant to Fed. R. Civ. P. 55(b)(1) to enter a default judgment

against Defendant-Claimant Michelle Martel Landry.

## STATEMENT OF THE FACTS

On January 9, 2004, Unicare filed its Complaint in this interpleader action in

order to permit the Defendants to determine between themselves their respective rights to

the $4700 in death benefit ("the stake") from a policy of group life insurance, policy

number GL-1450 issued by Unicare to MassMutual Life Insurance Company

("MassMutual").

After filing the Complaint, Unicare served a copy of the same on both

Defendants. See, Affidavit of Theodore F. Glockner, attached hereto as Exhibit 1. On

February 10, 2004, Defendant Michele Martel Landry acknowledged receiving Unicare's

Complaint by executing a Waiver of Service of Summons form, a true copy of which is

attached as Exhibit1A. By signing that document, Defendant Landry acknowledged that

1

her failure to serve an answer or other responsive pleading under Fed. R. Civ. P. 12 could

result in a judgment being entered against her. In particular, the Waiver of Service of

Summons form states in pertinent part: "I understand that a judgment may be entered

against me (or the party on whose behalf I am acting) if an answer or motion under Rule

12 is not served upon [Unicare] within 60 days after January 27, 2004." See, Exhibit 1A.

As of today's date, more than sixty days has elapsed since Defendant-Claimant Landry

executed the Waiver of Service of Summons form. See, Exhibit 1. On May 7, 2004, the

Court entered a default against Defendant-Claimant Landry. See, Notice of Default,

Exhibit 1B.

## ARGUMENT

Unicare is entitled to a default judgment being entered against Defendant-

Claimant Landry based on her complete failure to answer or otherwise defend this action.

Since this Court has already entered a default against Defendant-Claimant Landry,

Unicare must only satisfy Fed. R. Civ. P. 55(b)(1) which states:

> (1) By the Clerk. When the plaintiff's claim against a defendant is for a
> sum certain or for a sum which can by computation be made certain, the
> clerk upon request of the plaintiff and upon affidavit of the amount due
> shall enter judgment for that amount and costs against the defendant, if the
> defendant has failed to appear and not an infant or incompetent person.

Fed. R. Civ. P. 55(b)(1).

As this is an interpleader action for $4700 in death benefits from a policy of group

life insurance, there can be no dispute that the sum is a sum certain. The certainty of the

amount in dispute in this case is also established by the fact that Unicare has deposited

the entire stake with the Court. See, Exhibit 1. Furthermore, unlike the usual situation in

which a Plaintiff seeks to obtain a default judgment in a particular amount, in the present

interpleader context, Unicare seeks default judgment against Defendant –Claimant Landry in recognition of her failure to answer or otherwise participate in this litigation. Accordingly, Unicare does not seek the entry of a default judgment in any particular amount. Therefore, Unicare has met the "sum certain" requirement of Rule 55(b)(2).

Lastly, Unicare states that Defendant-Claimant Landry is not an infant, and there is no reason whatsoever to belief that she is not competent. See, Exhibit 1. Therefore, all of the requirements of Rule 55(b)(1) have been met and the Court must enter a default judgment against Defendant-Claimant Landry.

CONCLUSION

For all of these reasons, Unicare requests that this Court enter a default judgment against Defendant-Claimant Landry.

Respectfully Submitted,
Plaintiff-Stakeholder Unicare Life and
Health Insurance Company,
By, Its Attorneys:

CREVIER & RYAN, LLP.

Theodore F. Glockner, BBO #629469
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400

L.R. 7.1 (A) (2) CERTIFICATE

I certify that prior to filing the present motion I conferred in good faith with all counsel of record in an attempt to resolve or narrow the issues.

Theodore F. Glockner

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing via first class mail postage pre-paid to:

William Walsh, Esq.
73 State Street
Springfield, MA 01103
Counsel for Defendant-Claimant Donald Martel

Defendant-Claimant Michelle Martel Landry
18581 Sarasota Road
Fort Meyers, FL 33912

Said service having taken place this /6 day of May, 2004.

_____
Theodore F. Glockner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNICARE LIFE AND HEALTH INSURANCE COMPANY ) ) ) | Civil Action No. 04-CV-30009-KPN |
| Plaintiff-Stakeholder ) ) | |
| v. ) ) | |
| DONALD R. MARTEL, MICHELLE MARTEL LANDRY ) ) ) | |
| Defendants-Claimants ) ) | |

AFFIDAVIT OF THEODORE F. GLOCKNER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JJUDGMENT PURSUANT TO RULE 55(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW COMES Theodore F. Glockner, Esq. and under oath does hereby state and depose:

1.    I am Co Counsel to Plaintiff-Stakeholder Unicare Life and Health Insurance Company ("Unicare").

2.    By letter dated January 27, 2004, from Unicare's Counsel David B. Crevier, Unicare served a copy of its Complaint and a Waiver of Service of Summons form on Defendant-Claimant Michelle Martel Landry ("Defendant-Claimant Landry").

3.    On February 10, 2004, Defendant-Claimant Landry acknowledged receiving Unicare's Complaint by executing and returning a Waiver of Service of Summons form, a true copy of which is attached as Exhibit 1A.

4.    Defendant-Claimant Landry has not answered or filed any responsive pleading as of today's date.

1

2

5.     On or about January 12, 2004, Unicare deposited with the Court $4774.15

representing the entire stake of the life insurance benefit in this case.

6.     On May 7, 2004 this Court entered a default against Defendant-Claimant Michelle

Martel Landry a true copy of which is attached hereto as Exhibit 1B.

Signed under the pains and penalties of perjury this _16_ day of May, 2004.

_____
Theodore F. Glockner

2

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS



TO: <u>David B. Crevier, Esquire, Crevier and Ryan, LLP, 1500 Main St. Ste 2020,</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

<u>Springfield, MA 01115</u>

I, <u>Michelle Martel Landry</u>                        , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>Unicare Life and Health Ins. Co. v. Donald</u>
<u>Martel and Michelle Martel Landry</u> _____
(CAPTION OF ACTION)

which is case number <u>04 CV 30009</u>_____ in the United States District Court
(DOCKET NUMBER)

for the _____ District of <u>Massachusetts.</u>

 I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

 I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

 I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

 I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>January 27, 2004</u>.
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>2/10/04</u>          *Michele Martel Landry*
(DATE)                                     (SIGNATURE)

Printed/Typed Name: *MiCHELE MARTEL Landry*
                                Michelle Martel Landry

As_____ of _____
(TITLE)                                     (CORPORATE DEFENDANT)

[Stamp: U.S. DISTRICT COURT / DISTRICT OF MASS. / 2004 FEB 13 A 10:__ / FILED IN CLERK'S OFFICE]

### Duty to Avoid Unnecessary Costs of Service of Summons

 Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

 It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

 A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNICARE LIFE AND HEALTH
INSURÁNCE COMPANY _____
     **Plaintiff**

CIVIL ACTION

NO.  04-30009-KPN _____

   **V.**

DONALD R. MARTIN, MICHELLE
MARTEL LANDRY _____
     **Defendant**

## NOTICE OF DEFAULT

Upon application of the Plaintiff,  Unicare Life and Health Insurance Company

for an order of Default for failure of the Defendant,  Michelle Martel Landry

to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of

Civil Procedure, notice is hereby given that the Defendant has been defaulted

this  7  day of  May ____ , 2004 .

        Tony Anastas, Clerk

        By: /s/ *Maurice G. Lindsay* _____
        Maurice G. Lindsay, Deputy Clerk

Notice mailed to:

❏ Plaintiff's Counsel
❏ Michelle Martel Landry, at 21662 Indian Bayou Drive, Fort Myers,
  Florida 33931